## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHEN J. H. KING, | ) | |
| BOP Prisoner No. 15100-003, | ) | |
|    Movant, | ) | |
| | ) | **CIVIL ACTION NO. 1:20-00104-WS-N** |
| v. | ) | |
| | ) | **CRIMINAL ACTION NO. 1:15-00229-WS-N** |
| UNITED STATES OF AMERICA, | ) | |
|    Respondent. | ) | |

## REPORT AND RECOMMENDATION

The above-numbered actions are before the Court on the "Petition for Writ of Habeas Corpus" dated February 13, 2020 (Crim. Doc. 41, PageID.141-154),[1] filed by Stephen J. H. King, a federal prisoner serving a sentence pursuant to a judgment issued in the above-numbered criminal action. after. Upon due consideration, and for the reasons stated herein, the undersigned finds that said petition is due to be construed as a motion to alter, amend, or vacate sentence under 28 U.S.C. § 2255, and that the construed § 2255 motion is due to be **DENIED** and **DISMISSED with prejudice**, unless King moves to withdraw it within the time for objecting to this recommendation.[2]

---

[1] "Civ. Doc." citations refer to the docket of the above-numbered civil action, while "Crim. Doc." citations refer to that of the above-numbered criminal action. The above-numbered civil action does not contain any filings other than what was in the record before the Illinois district court at the time King's petition was transferred.

[2] The assigned District Judge has referred King's petition/motion to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (2/26/2020 electronic reference notation on criminal case docket). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of proceedings

# I. *Procedural Background*

The procedural history for this post-judgment collateral proceeding is complicated.

On October 29, 2015, the grand jury for this judicial district returned an indictment charging King with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Crim. Doc. 1). On November 30, 2015, King was appointed counsel and arraigned, pleading not guilty to the charge. (*See* Crim. Doc. 7; Crim. Doc. 10 at 1). However, January 14, 2016, King changed his plea and entered a plea of guilty to violating § 922(g)(1) as charged, pursuant to a written plea agreement with the Government. (*See* Crim. Docs. 20, 22). On April 21, 2016, the Court sentenced King to 96 months' imprisonment, followed by 3 years of supervised release. (*See* Crim. Doc. 32). Written judgment setting out the sentence was entered on April 29, 2016. *(See id.*). No party directly appealed the judgment.

In early 2020, King, now proceeding without counsel (*pro se*), filed an undated, handwritten "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" with the federal district court for the Northern District of Illinois, the district where he was at the time incarcerated. (Civ. Doc. 1).[3] That court received the petition on

_____

brought under §§ 2241 and 2255, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

[3] Prior to filing his § 2241 petition with the Illinois district court, King sent several *pro se* letters to this Court requesting copies of various documents (*see* Crim. Docs. 34, 35, 36, 37). The Court subsequently received an "Affidavit of Truth" dated August 11, 2019, in which King requested appointment of counsel to "give [him] the chance to exercise [his] right to cooperate [with the United States] under a Rule 35B." (Crim. Doc. 38-1). By order entered August 21, 2019, the District Judge advised King "that the Court does not and

January 21, 2020. (*See* Civ. Doc. 1 at 1). In response to an order of the Illinois district court directing him to "submit an amended § 2241 on th[at] court's form" (Civ. Doc. 7 at 1), King completed and filed a form "Petition for Writ of Corpus" by "Persons in Federal Custody" dated February 13, 2020. (*See* Civ. Doc. 10).

After reviewing the amended petition, the Illinois district court determined that it should be treated as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 challenging the criminal judgment entered against King in the above-numbered criminal action, and, without first giving King an opportunity to be heard on the issue, ordered that the motion be transferred to this Court. *See* (Civ. Doc. 11, PageID.156-157); 28 U.S.C. § 2255(a) (motion to vacate, set aside, or correct sentence must be brought in "the court which imposed the sentence"). Said transfer was effected on February 21, 2020.

The undersigned agreed with the transferor court's assessment that King's § 2241 petition (Crim. Doc. 41, PageID.141-154) should be treated as a § 2255 motion, raising a single claim for relief: that King's sentence be vacated because his conviction under § 922(g)(1) was no longer valid in light of the Supreme Court's decision in *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). *See* (Crim. Doc. 47 n.1, PageID.171-172); *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (per curiam) ("Federal courts are obligated to look beyond the label of a *pro*

---

cannot act on letters or correspondence[,]" and directed the Clerk of Court to return the "Affidavit of Truth" to King while retaining a copy for the Court's records. (*See* Crim. Doc. 38). King later filed another letter request for appointment of counsel to "file a Rule 35B" dated October 15, 2019 (Crim. Doc. 39), which the Court summarily denied on October 31, 2019. (*See* Crim. Doc. 40).

*se* inmate's motion to determine if it is cognizable under a different statutory framework."); *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) (courts "liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2255"). And after examining the petition, so construed, under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned ordered, and set a deadline for, the United States to file and serve an answer, motion, or other appropriate response, and also set a deadline for King to file a reply to the response.[4] (*See* Crim. Doc. 47). The Government timely filed an answer opposing the § 2255 motion. (*See* Crim. Doc. 50). King filed no reply to the answer, and the deadline to do so has passed.

The Government's answer brought to light certain developments in this matter occurring in the Illinois district court after transfer. In a handwritten filing submitted to that court dated March 23, 2020—a month after the transfer—King reaffirmed that he "filed a 28 U.S.C. § 2241 petition challenging [his] conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)[,]" disputed that court's determination that he "filed a 18 U.S.C. § 2255 and not a 18 U.S.C. § 2241 and that [he] advised the Court that a 18 U.S.C. § 2255 is what [he] wanted to file[,]" and claimed the Illinois district court "committed a [sic] act of perjury by falsifying legal documents and transferring [his] case to the Southern district of Alabama." (Crim.

---

[4] *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The moving party may file a reply to the respondent's answer or other pleading. The judge must set the time to file unless the time is already set by local rule.").

Doc. 50 at 16; N.D. Ill. Case No. 3:20-cv-50043, Doc. 13). On April 14, 2020, the Illinois

district court entered an order on said filing stating:

> Federal prisoner Stephen King's motion for proof he informed the court that he wanted to file a 28 U.S.C. § 2255 motion as opposed to a 28 U.S.C. § 2241 petition … is denied. Even if his amended petition did not expressly state he was seeking § 2255 relief, by informing the court he had not previously filed a § 2255 motion, it is clear that his request for relief is not under § 2241 (via § 2255(e)'s savings clause), but lies instead under § 2255, which must be filed in "the court which imposed the sentence." § 2255(a). King does not qualify for § 2241 relief since his current request would not be a successive § 2255 motion, but rather an original one. *See Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Cortes-Morales v. Hastings*, 827 F.3d 1009, 1014-15 (11th Cir. 2016). King may prefer to bring a § 2241 petition instead of a § 2255 motion, but having not previously filed a § 2255 motion, he does not qualify for § 2241 relief and his claim must proceed under § 2255 in the court that sentenced him.

(N.D. Ill. Case No. 3:20-cv-50043, Doc. 14).[5]

Moreover, after King's petition/motion was transferred to this Court, but before

the Court ordered a response from the Government on August 31, 2020 (*see* Crim.

Doc. 47), King filed *pro se* a letter addressed to the District Judge dated April 22,

2020 (Crim. Doc. 43),  requesting "relief" from his sentence on various grounds. (Crim.

Doc. 43 at 1). Relevant here, King claimed that he "did not know that [he] was barred

from carrying a firearm" and referenced the *Rehaif* decision. (*Id.*) By order entered

May 11, 2022, the District Judge construed the April 22, 2020 letter as a "Motion for

Modification of Sentence under 18 U.S.C. § 3582(c)(1)(A)" and denied it. (*See* Crim.

Doc. 44). Relevant here, that order noted:

---

[5] "Courts may take judicial notice of publicly filed documents" from other courts. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 n.4 (11th Cir. 2015).

Earlier this year, King filed a Motion to Vacate (doc. 41) under 28 U.S.C. § 2255 asserting as his only ground for relief a claim invoking the scienter requirement recognized by the Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In his § 2255 Motion, King maintains that he did not actually know that he was in the category of persons prohibited from possessing a firearm. King's § 2255 Motion has been referred to Magistrate Judge Nelson for screening and processing.

(*Id.* at 1).

The District Judge also made clear that his denial of the April 22, 2020 letter was "without prejudice to the *Rehaif* claim previously raised and currently under consideration in his pending Motion to Vacate under 28 U.S.C. § 2255." (*Id.* at 2).

Shortly after that denial, King filed a "Petition for Commutation of Sentence" dated June 3, 2020 (Crim. Doc. 45). Though handwritten, the "Petition for Commutation of Sentence" appeared to follow a form petition, with King writing out various requests for information and then providing answers. Of particular note, King answered "yes" when asked "Have you filed a challenge to your conviction or sentence under 28 U.S.C. § 2255 (habeas corpus)?" (*Id.* at 2). King also wrote: "I seek commutation for my 922(g) charge because I really didn't know that I was barr'ed [sic] from possessing a firearm…Under Rehaif vs. United States, I am innocent do [sic] to the statue [sic] interpretation of not knowing that I was barr'ed from possessing a firearm." (*Id.* at 2-3). The District Judge denied the "Petition for Commutation" on June 11, 2022, noting: "To the extent that King's Petition might be liberally construed as a renewed § 3582(c) motion or a new iteration of his pending §

2255 motion to relitigate his *Rehaif* claim, it is denied for the reasons set forth in the Order (doc. 44) entered on May 11, 2020." (Crim. Doc. 46).[6]

## II.    Analysis

Section 922(g) makes it unlawful for certain persons—including, relevant here, anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year"—"to…possess in or affecting commerce, any firearm or ammunition…" 18 U.S.C. § 922(g)(1). Section 922(g)'s penalty provision provides that any person who "knowingly violates subsection … (g) … of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2). Over three years after King was sentenced, the Supreme Court issued *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). Reversing a decision of the Eleventh Circuit Court of Appeals, 888 F.3d 1138, 1143-1147 (2018) (holding that the panel was bound to follow *United States v. Jackson*, 120 F.3d 1226 (11th Cir. 1997) (per curiam), in holding that "the government need not prove that the defendant knew of his prohibited status" to convict under § 922(g)), *Rehaif* held that, as used in § 924(a)(2), "the word 'knowingly' applies both to the defendant's

---

[6]    About a month after the Court ordered the Government to respond to the § 2255 motion, King filed a "Motion for Compassionate Release" (Crim. Doc. 48), which the Court also denied on October 21, 2020. (*See* Crim. Doc. 49). That motion made no mention of requesting relief under § 2255, *Rehaif*, etc. King has filed nothing further with the Court since, nor does he appear to have filed anything further with the Northern District of Illinois since his March 23, 2020 letter objecting to that court's recharacterization of his petition and its subsequent transfer. None of this Court's orders, mailed to King at his then-place of incarceration at USP Thomson in Thomson, Illinois, have been returned to the Court as undeliverable.

A review of the Federal Bureau of Prisons's online inmate locator (https://www.bop.gov/inmateloc/ (last visited Jan. 30, 2023) indicates that King has since been transferred to the BOP's FCI Marianna facility in Marianna, Florida.

conduct and to the defendant's status. To convict a defendant [under § 922(g)], the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. In other words, "the government must prove that the defendant 'knew he belonged to the relevant category of persons barred from possessing a firearm' in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2)." *Seabrooks v. United States*, 32 F.4th 1375, 1381 (11th Cir. 2022) (per curiam) (quoting *Rehaif*, 139 S. Ct. at 2200). *See also United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020) ("The Supreme Court clarified in *Rehaif v. United States* that a defendant must know both that he possesses a firearm and that he has been convicted of a crime punishable by imprisonment for more than a year to violate section 922(g)(1)."). King's sole claim for relief is that his plea of guilty to the charge of violating § 922(g)(1) is no longer valid in light of *Rehaif*, and his conviction and sentence must therefore be vacated.[7]

### a. *Castro* Warning

As an initial matter, the Government agrees "that King's motion properly arises under § 2255…" (Crim. Doc. 50 at 1). However, the Government also requests that the Court "employ the prophylactic notice and warning requirement announced in *Castro v. United States*, 540 U.S. 375 (2003) before deciding it." (*Id.*).

Courts "hold a pro se prisoner's pleadings to less stringent standards than formal pleadings drafted by lawyers[,]" and "must look beyond the labels of motions

---

[7] The Government concedes, correctly, that *Rehaif* applies retroactively on collateral review to initial § 2255 motions such as the present one. *See* (Crim. Doc. 50 n.1, PageID.189); *Seabrooks*, 32 F.4th at 1383 (holding "that *Rehaif* announced a new rule of substantive law that applies retroactively to [an] initial § 2255 motion").

filed by pro se inmates to interpret them under whatever statute would provide relief." *Zelaya v. Sec'y, Fla. Dep't of Corr.*, 798 F.3d 1360, 1366 (11th Cir. 2015) (citation and quotations omitted), *overruled in part on other grounds by McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc). The undersigned stands behind and reaffirms the prior decisions to construe King's § 2241 habeas petition as a § 2255 motion. Section 2255(e) states: "[A]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Here, King is authorized to apply for relief under § 2255 challenging the criminal judgment against him in this Court, and he has never previously filed such a motion. Moreover, King cannot show that "the remedy by motion is inadequate or ineffective to test the legality of his detention." For that provision, dubbed the "savings clause," to apply, "courts ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." *McCarthan*, 851 F.3d at 1086-87. Since a *Rehaif* claim is capable of being raised in a § 2255 motion, *see, e.g.*, *Seabrooks*,

32 F.4th at 1383, the savings clause does not permit him to raise it in a § 2241 petition.

However, "recharacterizing a pleading as a § 2255 motion to vacate is a serious matter, and can often do more harm than good. As the Supreme Court explained in *Castro v. United States*, '[s]uch recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion.'" *Zelaya*, 798 F.3d at 1366-67 (quoting *Castro v. United States*, 540 U.S. 375, 377, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003)). "Thus, [*Castro*] held that before a federal court may recharacterize a prisoner's pro se pleading as a § 2255 motion, it must notify the prisoner, warn him that the recharacterization will subject any subsequent § 2255 motion to the second or successive motion bar, *see* 28 U.S.C. § 2255(h), and provide him with an opportunity to withdraw or amend the motion." *Id.* at 1367 (citing *Castro*, 540 U.S. at 383)). *Accord Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1206 (11th Cir. 2012) ("The Supreme Court held in *Castro* that when a district court recharacterizes a *pro se* motion as a § 2255 habeas petition, it must: 1) notify the litigant of the pending recharacterization; 2) warn the litigant that the recharacterization will subject any subsequent § 2255 motion to restrictions; and 3) provide the litigant an opportunity to withdraw the motion or amend it to include all available § 2255 claims.").

As noted previously, while King has attempted to raise his *Rehaif* claim in several motions with this Court, none were expressly brought under § 2255. The

Illinois district court gave no notice to King that it was recharacterizing his § 2241 petition as a § 2255 motion before it ordered transfer of the matter to this Court, and King expressly disputed that court's recharacterization of his petition in a post-transfer filing there. However, this Court has repeatedly informed King that it was also treating his § 2241 petition as a § 2255 motion, and he has never objected to that characterization here—indeed, in a motion filed several months after his petition was transferred from Illinois, King affirmatively acknowledged that he had "filed a challenge to [his] conviction or sentence under 28 U.S.C. § 2255 (habeas corpus)… (Crim. Doc. 45, PageID.166). Moreover, the Government's answer, to which King has filed no reply, expressly discusses *Castro* and the effects that recharacterization would have on any successive § 2255 motion, and requested that King be given a chance to amend or withdraw his motion. (*See* Crim. Doc. 50 at 4-5) Nevertheless, neither the Illinois district court nor this Court has never expressly informed King of the consequences such a recharacterization would have on second and successive § 2255 motions, or given him an opportunity to withdraw or amend his construed § 2255 motion.

As will be explained, the undersigned finds that King's *Rehaif* claim is both procedurally defaulted and meritless, and will therefore recommend that his construed § 2255 motion be denied and dismissed with prejudice. Given the length of time that has passed since King's motion has been under submission, the undersigned declines to engage in further delay by issuing a separate *Castro* order prior to entering this Report and Recommendation. However, in light of the Court's failure to

follow the *Castro* procedure thus far, the undersigned will issue the requisite *Castro* warning herein, and will also recommend that King be allowed to withdraw his *Rehaif* § 2255 motion in the event he files such a request within the time to object to this Report and Recommendation.

In accordance with *Castro*, King is hereby given notice that, if the Court adopts the undersigned's recommendation to deny his construed § 2255 motion (Crim. Doc. 41 at 4-18) and dismiss it with prejudice, any subsequent § 2255 motion King may wish to bring challenging his sentence in the above-numbered criminal action would be subject to the requirements of 28 U.S.C. § 2255(h), which states as follows: "A second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See also* Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Before presenting a second or successive [§ 2255] motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion…"); *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion."); *In re Clayton*, 829 F.3d 1254 (11th Cir.

2016) (same). "Without authorization [by the appropriate court of appeals under § 2255(h)], the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam). *Accord United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (per curiam).

### b. *Rehaif* Claim

### 1. Procedural Default

"[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). "Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* at 1232 (internal citations, quotations, and footnote omitted). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Id.* at 1234 (citations omitted). " 'A ground of error is usually 'available' on direct appeal when its merits can be

reviewed without further factual development." *Id.* at 1232 n.14 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)).

"A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 1234 (citations and quotations omitted). *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011). "[F]or purposes of the actual innocence exception, "'actual innocence' means *factual* innocence, not mere legal insufficiency."" (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604140 L. Ed. 2d 828 (1998) (emphasis added)).

An indictment's failure to allege the knowledge component at issue in *Rehaif* constitutes the mere omission of an element of a § 922(g) offense, a non-jurisdictional defect. *See United States v. Bates*, 960 F.3d 1278, 1295 (11th Cir. 2020) (citing *United States v. Moore*, 954 F.3d 1322, 1332–37 (11th Cir. 2020)). "As a non-jurisdictional error, [King] needed to raise [his *Rehaif*] claim[] on direct appeal to avoid procedural default." *United States v. Bane*, 948 F.3d 1290, 1296 (11th Cir. 2020). It is true that *Rehaif* overturned prior circuit precedent in effect at the time of King's conviction and sentence holding that § 922(g) did not require the Government to allege or prove that

the defendant knew of his prohibited status at the time he possessed a firearm. That, however, is not enough to excuse procedural default.

"[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [the movant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the movant]'s own conduct." *Lynn*, 365 F.3d at 1235. As the Eleventh Circuit has explained:

> The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that "its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16, 104 S. Ct. 2901, 82 L. Ed. 2d 1 (1984); *Hargrave v. Dugger*, 832 F.2d 1528, 1530-31 (11th Cir. 1987) (en banc). This exception to the procedural-default bar exists because the Supreme Court has acknowledged that it would be pointless to require "a defendant to raise a truly novel issue" that his counsel is likely unaware of and that the court would likely "reject ... out of hand." *Ross*, 468 U.S. at 15-16, 104 S. Ct. 2901. In *Hargrave*, for instance, we concluded that the petitioner's claim was novel because he relied on a Supreme Court decision that announced a new constitutional right for capital defendants. 832 F.2d at 1531 (citing *Lockett v. Ohio*, 438 U.S. 586, 604, 98 S. Ct. 2954, 57 L.Ed.2d 973 (1978)). In contrast, a claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, *Smith v. Murray*, 477 U.S. 527, 533-35, 106 S. Ct. 2661, 91 L.Ed.2d 434 (1986); *Ross,* 468 U.S. at 13–14, 104 S. Ct. 2901, or when the building blocks of the claim were available to counsel. *McCoy v. United States*, 266 F.3d 1245, 1258–59 (11th Cir. 2001).

*United States v. Bane*, 948 F.3d 1290, 1296–97 (11th Cir. 2020).

When a Supreme Court decision overturning prior circuit precedent is "simply a matter of statutory interpretation" that does "not announce a new constitutional right or overturn any Supreme Court precedent"—as occurred in *Rehaif*—a claim that

would have been foreclosed by that prior circuit precedent is not "novel" for purposes of excusing procedural default. *Id.* at 1297. This is because "[a]n argument for an interpretation of a statute that is consistent with its ordinary meaning and structure is not something that counsel would not be aware of or that courts would 'reject ... out of hand.' " *Id.* (quoting *Ross*, 468 U.S. at 15). "As long as [counsel] had access to the United States Code and dictionaries[,] they could have raised their claims on direct appeal." *Id.*[8] And it is well established that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.' " *Bousley*, 523 U.S. at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982)). *Accord Lynn*, 365 F.3d 1225, 1235 n.19 ("Perceived futility of a claim does not constitute cause for procedural default…In determining whether cause exists,…the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all." (quotation omitted)); *Bane*, 948 F.3d at 1297 ("perceived futility…does not establish cause" excusing procedural default).

King has not alleged any other grounds plausibly suggesting that other cause and prejudice might excuse the procedural default of his *Rehaif* claim. And as will be addressed in more detail below, the record falls far short of indicating that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" of a violation of § 922(g). Thus, the undersigned finds that King's construed

---

[8] The Eleventh Circuit has expressly stated, though arguably in dicta, that "*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020). Even if that statement is not binding precedent, the undersigned is persuaded to agree with it based on the reasoning in *Bane*.

§ 2255 (Crim. Doc. 41, PageID.141-154) is procedurally defaulted, and is therefore due to be **DENIED** and **DISMISSED with prejudice**.

## 2. Merits

Even if King's *Rehaif* claim was not procedurally defaulted, it is still due to be denied on the merits.

The indictment (Crim. Doc. 1) failed to allege that King knew he was a felon at the time of the subject § 922(g)(1) offense, as *Rehaif* now requires. However, as noted above, this is a non-jurisdictional defect, and King unconditionally pled guilty to that offense. " 'A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.' " *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam)). *See also United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) ( " 'A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant.' " (quoting *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam)).

"In order for a plea to be knowing and voluntary, '[the] court accepting a guilty plea must comply with [Fed. R. Crim. P.] 11 and specifically address three "core principles," [including] ensuring that a defendant ... understands the nature of the charges.' " *Bates*, 960 F.3d at 1296 (quoting *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam)). To the extent King argues that his guilty plea is

invalid because he was not informed of the nature of the charge against him when the indictment failed to allege, and the district court failed to advise, that the government had to prove that he knew he was a felon at the time he possessed the firearm, he has failed to allege sufficient facts showing entitlement to relief under § 2255. *See Winthrop-Redin*, 767 F.3d at 1216 ("A [§ 2255] petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief…However, a district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." (quotations omitted)).[9]

The Eleventh Circuit has held that a § 2255 claim based on an error committed by the district court "must at least satisfy the standard for prejudice … employ[ed] in … review for plain error." *Gordon v. United States*, 518 F.3d 1291, 1298 (11th Cir. 2008).

> To establish eligibility for plain-error relief, a defendant must satisfy three threshold requirements. See *Rosales-Mireles v. United States*, 585 U.S. ——, —— – ——, 138 S. Ct. 1897, 1904–1905, 201 L.Ed.2d 376 (2018). *First*, there must be an error. *Second*, the error must be plain. *Third*, the error must affect "substantial rights," which generally means that there must be "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.*, at ——, 138 S. Ct. at 1904–1905 (internal quotation marks omitted). If those three requirements are met, an appellate court may grant relief if it concludes that the error had a serious effect on "the fairness, integrity or public reputation of judicial proceedings." *Ibid.* (internal quotation marks omitted)…

---

[9] The Supreme Court has held that "a *Rehaif* error in a plea colloquy is…not structural." *Greer v. United States*, -- U.S. --, 141 S. Ct. 2090, 2100, 210 L. Ed. 2d 121 (2021)

The defendant has "the burden of establishing entitlement to relief for plain error." *United States v. Dominguez Benitez*, 542 U.S. 74, 82, 124 S. Ct. 2333, 159 L. Ed. 2d 157 (2004). That means that the defendant has the burden of establishing each of the four requirements for plain-error relief. Satisfying all four prongs of the plain-error test "is difficult." *Puckett*[ *v. United States*], 556 U.S. [129,] 135, 129 S. Ct. 1423[, 173 L. Ed. 2d 266 (2009)].

*Greer v. United States*, -- U.S. --, 141 S. Ct. 2090, 2096-97, 210 L. Ed. 2d 121 (2021).

To demonstrate that the *Rehaif* error affected his "substantial rights," King bears "the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a reasonable probability that he would not have pled guilty." *Id.* at 2097. He has failed to do so.

Michael Andrew Gary, whose case was consolidated with *Greer* at the Supreme Court, pleaded guilty to two counts of being a felon in possession of a firearm. However, *Rehaif* was thereafter decided, leading Gary to argue for the first time on direct appeal "that his guilty plea must be vacated because the District Court failed to advise him during the plea colloquy that, if he went to trial, a jury would have to find that he knew he was a felon." *Id.* at 2096. The Supreme Court, however, held that Gary was not entitled to such relief under "plain error" review because he had failed to show the *Rehaif* error affected his substantial rights. *See id.* at 2097-98. Noting that Gary "had been convicted of multiple felonies" prior to his felon-in-possession offense, the Court held that "[t]hose prior convictions are substantial evidence that [Gary] knew [he] w[as a] felon[]." *Id.* The Court also observed that Gary had never "disputed the fact of [his] prior convictions[,]" "admitted that he was a felon when he pled guilty[,]" and "[i]mportantly," had not "argued or made a representation

that [he] would have presented evidence at trial that [he] did not in fact know [he] w[as a] felon[] when [he] possessed firearms." *Id.* at 2098. Thus, the Court held, "Gary…cannot show that, but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty." *Id.*

King's showing here is similarly deficient. King "had been convicted of multiple felonies" prior to the subject felon-in-possession offense, and he acknowledged "at least three" in the signed factual resume included with his guilty plea agreement (*see* Doc. 20, PageID.65). King has also not "disputed the fact of [his] prior convictions[,]" nor has he identified what evidence he would have presented at trial to show that he did not in fact know he was a felon at the time he possessed the firearm. At most, King's § 2255 motion and other filings make conclusory allegations that he was not aware of his prohibited status at the time of the offense (*see* Civ. Doc. 1, PageID.3, 5; Crim. Doc. 41, PageID.152, 154; Doc. 43, PageID.159; Doc. 45, PageID.166-167), but those "unsupported generalizations" are insufficient to warrant an evidentiary hearing, much less entitle him to § 2255 relief,[10] *see Winthrop-Redin*, 767 F.3d at 1216, especially when measured against the "substantial evidence" of *mens rea*

---

[10] King's least conclusory allegation, made in his initial § 2241 petition filed with the Illinois district court, "alleged that he did not know of his restrictive status in being barred from possessing a firearm…under § 922(g) due to his ignorance of the law." (Civ. Doc. 1, PageID.3). However, " 'ignorance of the law is typically no defense to criminal prosecution,' " *United States v. Hastie*, 854 F.3d 1298, 1305 (11th Cir. 2017) (quoting *McFadden v. United States*, 576 U.S. 186, 192, 135 S. Ct. 2298, 192 L. Ed. 2d 260 (2015)), and *Rehaif* only requires that the Government prove King knew he was a felon at the time that he possessed the firearm, not that he was specifically aware that such an act was illegal under § 922(g).

provided by the "multiple prior felonies" that he acknowledged at the time of his guilty plea.[11]

Accordingly, King is due no relief under § 2255 on his *Rehaif* claims, and his § 2255 motion (Crim. Doc. 41, PageID.141-154) is therefore also due to be **DISMISSED with prejudice** as meritless.

### c. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing Section 2255 Proceedings. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must

---

[11] To the extent King's motion can be construed as raising a claim of ineffective assistance for trial counsel's failure to raise a *Rehaif* claim, such a claim would not be procedurally defaulted for failure to raise it on direct appeal. *See Lynn*, 365 F.3d at 1234 n.17 (the Supreme Court has "excepted ineffective-assistance-of-counsel claims from the general procedural default rule" and recognized that a § 2255 motion is generally preferable for deciding such claims (citing *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690, 1692, 155 L. Ed. 2d 714 (2003)). Nevertheless, such a claim would be without merit. Given that governing circuit precedent foreclosed the claim at the time of King's conviction and sentence, King's counsel cannot be said to have rendered ineffective assistance by failing to raise a *Rehaif* claim in the trial proceedings or on direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) ("counsel is not ineffective for failing to raise claims reasonably considered to be without merit" (quotation omitted)); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." (quotation omitted)).

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Where relief is denied on procedural grounds, "a COA should issue [only] when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. In all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon due consideration, the undersigned finds that King should be **DENIED** a Certificate of Appealability in conjunction with the denial of his present § 2255 motion. King has failed to make a substantial showing of the denial of a constitutional

right, and jurists of reason would not find it debatable whether the Court is correct in finding his claims both meritless and procedurally defaulted.[12]

### e. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

---

[12] Rule 11(a) of the Rules Governing Section 2255 Proceedings further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation to deny a certificate of appealability, the movant may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation, *see infra.*

Should the Court deny a certificate of appealability, the movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court certify that any appeal by King of the denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[13]

### III.    *Conclusion & Recommendations*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** the following:

1. that King's "Petition for Writ of Habeas Corpus" dated February 13, 2020 (Crim. Doc. 41, PageID.141-154), be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255;

2. that the construed § 2255 motion be **DENIED** and **DISMISSED with prejudice**, without an evidentiary hearing, as both procedurally defaulted and meritless;

3. that the Court deny King a Certificate of Appealability, and certify that he is not entitled to proceed *in forma pauperis* on appeal; and

4. that the judgment be set out by separate document in accordance with Federal Rule of Civil Procedure 58; but

5. that King be permitted to withdraw his construed § 2255 if he so moves within the time period for objecting to this Report and Recommendation, *see infra.*

---

[13] Should this Court deny leave to appeal *in forma pauperis*, the movant may attempt to obtain such relief through a motion to proceed on appeal *in forma pauperis* filed with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **30th** day of **January 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**